# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MICHELLE BARACK, | § |
| Plaintiff, | § Civil Action No. |
| v. | § 4:21-cv-415 |
| VISION AMERICA D/B/A MILLION VOICES, | § **Jury Trial Demanded** |
| Defendant. | § |

## COMPLAINT

MICHELLE BARACK ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against VISION AMERICA D/B/A MILLION VOICES ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant maintains a principal place of business in the State of Texas and because the occurrences from

which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Grapevine, Texas 76051.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 1540 Keller Parkway, Suite 108, PMB 154, Keller, Texas 76248.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Defendant text messaged Plaintiff on her cellular telephone number on a repetitive and continuous basis for political solicitation purposes.

12. Defendant placed these text messages using an automatic telephone dialing system.

13. Plaintiff did not request information from Defendant and Defendant did not have consent to contact Plaintiff.

14. Defendant's texts were not made for "emergency purposes."

15. Plaintiff has been on the Do Not Call Registry since June of 2018.

16. Shortly after the text messages started, Plaintiff told Defendant to stop texting.

17. However, Defendant continued to text Plaintiff.

18. Once Defendant was informed that its text messages were unwanted and to stop, there was no lawful purpose to sending further text messages, nor was there any good faith reason to send text messages.

19. Defendant knew its text messages were unwanted, therefore, all texts could have only been made solely for purposes of harassment.

20. Defendant's incessant texts were bothersome, disruptive, and frustrating for Plaintiff to endure.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## <u>DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(b)</u>

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. The TCPA prohibits placing calls or sending text messages using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

24. Federal Communications Commission (FCC) reasonably interpreted TCPA to prohibit any call, including both voice and text call, using automatic telephone dialing system (ATDS) or artificial or prerecorded message to any wireless telephone number, and thus, "call" within meaning of TCPA included text message to consumers' cellular telephones by publisher and mobile marketing firm to advertise publication of novel. Telephone Consumer Protection

Act of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii). <u>Satterfield v. Simon & Schuster, Inc.</u>, 569 F.3d 946 (9th Cir. 2009).

25. Defendant initiated multiple text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

26. The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

27. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

28. Defendant's text messages were not made for "emergency purposes."

29. Defendant's text messages to Plaintiff's cellular telephone were without any prior express consent.

30. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since June of 2018.

31. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

32. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

PLAINTIFF'S COMPLAINT

## COUNT II
## **DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)**

34. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

36. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since June of 2018.

37. Defendant texted Plaintiff on one or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

38. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

39. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

40. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, MICHELLE BARACK, respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b.    Statutory damages of $500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Additional statutory damages of $500.00 per text/call (as provided under 47 U.S.C. §227(c));

    d.    Treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c);

    f.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)); and

    g.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHELLE BARACK, demands a jury trial in this case.

Respectfully submitted,

Dated: 03/09/2021        By: */s/ Amy L. Bennecoff Ginsburg*
        Amy L. Bennecoff Ginsburg, Esq.
        Kimmel & Silverman, P.C.
        30 East Butler Pike
        Ambler, PA 19002
        Phone: (215) 540-8888
        Facsimile: (877) 788-2864
        Email: teamkimmel@creditlaw.com